**In re the Marriage of Allan C. BIR, Appellant (Respondent below),**

v.

**Cynthia BIR, Appellee (Petitioner below).**

No. 06A01–1009–DR–449.

Supreme Court of Indiana.

Jan. 14, 2011.

*AMENDED PUBLISHED ORDER*

On November 23, 2010, Appellant tendered a "Motion for Emergency Transfer" pursuant to Indiana Appellate Rule 56(A). On December 10, 2010, Appellee filed her Response. Thereafter, Appellant attempt-

ed to seek leave to file a Reply in support of his Motion for Emergency Transfer. It is that attempt that is the subject of this order.

According to our Appellate Rules, a movant is not allowed to file a reply in support of a motion as a matter of right. *See* Ind. Appellate Rule 34(D). Rather, within five (5) days of service of the opposing party's response, the movant must file a motion with the Court on Appeal seeking leave to file a reply, attaching to such motion the movant's proposed reply. *See id.* Our rules also state that when counting days for a time period that is "less than seven (7) days, all non-business days shall be excluded from the computation." App. R. 25(B). Finally, our rules state that "[w]hen a party serves a document by mail or third-party commercial carrier, the time period for filing any response or reply to the document shall be extended automatically for an additional three (3) days from the date of deposit in the mail or with the carrier," App. R. 25(C).

On Friday, December 10, 2010, Appellee served Appellant with Appellee's Response to Appellant's Motion for Emergency Transfer. Therefore, the operation of the above-referenced rules made any motion for leave to file a reply due on or before Monday, December 20, 2010. On December 21, 2010, Appellant attempted to file a "Verified Motion for Leave to File Verified Reply in Support of Appellant's Motion for Emergency Transfer ..." (hereinafter "Motion for Leave"), attached to which was Appellant's "Verified Reply in Support of Appellant's Motion for Emergency Transfer." Because Appellant's Motion for Leave was untimely, our Clerk correctly refused to file it and, instead, "received" it and informed the person tendering the document for filing at the Clerk's Office counter that the document was untimely.

The following day, Appellant filed an "Unopposed Verified Request to File Be-lated Document," which explained that although Appellant's counsel understood why the Clerk read the rules to make December 20, 2010, the deadline for his Motion for Leave, he had understood the rules to make December 22, 2010, the deadline. Specifically, under his interpretation of the rules, the "additional three (3) days" added to his time period per Appellate Rule 25(C) were non-business days, rather than calendar days. Appellant contended that the rule was unclear on this point and, therefore, he should be permitted to file his motion belatedly if the Clerk's interpretation of the rules was correct. Appellant's counsel also suggested that "[i]t would be a great benefit to appellate practitioners for this Court to issue a published order clarifying the operation of Rules 25 and Rule 34(D)."

■ Per Appellant's counsel's suggestion, we publish this order to clarify the operation of Appellate Rules 25(B) and 25(C) as they relate to determining the due date of a Rule 34(D) motion. Specifically, when a response to a motion is served by mail, three calendar days are immediately added to the service date per Appellate Rule 25(C) (". . . the time period for filing any response or reply to the document shall be extended automatically for an additional three (3) days *from the date of deposit in the mail or with the carrier*"). The five non-business days expressed in Rule 34(D) are then counted from that third calendar day if it is a business day, or are counted from the next business day if the third day of the "additional three days" falls on a "non-business day," *see* App. R. 25(B) ("When the time allowed is less than seven (7) days, all non-business days shall be excluded from the computation").

Accordingly, in this particular instance, the operation of the rules worked as follows:

(1) Appellee's Response was served on Appellant by mail on Friday, December 10, 2010. Rule 25(C) added three calendar days from December 10th to Appellant's Motion for Leave time period, making Monday, December 13, 2010, the relevant starting date for purposes of determining the deadline expressed in Rule 34(D).

(2) Per Rule 34(D), five non-business days were then counted from Monday, December 13th (i.e., Tuesday, Wednesday, Thursday, Friday, and Monday), making Monday, December 20, 2010, the deadline for Appellant's Motion for Leave.

Having considered Appellant's "Unopposed Verified Request to File Belated Document" and being duly advised, the Court hereby GRANTS Appellant's Unopposed Verified Request to File Belated Document. The Clerk is directed to file Appellant's "Verified Motion for Leave to File Verified Reply in Support of Appellant's Motion for Emergency Transfer ..." and Appellant's "Verified Reply in Support of Appellant's Motion for Emergency Transfer" as of 4:30 p.m. on December 21, 2010.

The Clerk is directed to send a copy of this order to the Hon. Margaret Robb, Chief Judge of the Court of Appeals; to Steve Lancaster, Court of Appeals Administrator; and all counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

All Justices concur, except for DAVID, J., who did not participate in the decision of this matter.